CAUSE NO._____

| | | |
|---|---|---|
| DANNY RAY TAYLOR | § | IN THE UNITED STATES DISTRICT |
| | § | COURT |
| VS. | § | |
| | § | FOR THE |
| | § | |
| UNION PACIFIC RAILROAD | § | EASTERN DISTRICT OF TEXAS |
| COMPANY | § | TEXARKANA DIVISION |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, DANNY RAY TAYLOR, hereinafter referred to as "Plaintiff", and files this, his Original Complaint, complaining of UNION PACIFIC RAILROAD, hereinafter "Defendant," and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff alleges that discovery should be conducted under Level III of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2.      Plaintiff, DANNY RAY TAYLOR, is an individual whose address is 921 Shorthorn Drive, Texarkana, Arkansas 71854. The last three digits of Plaintiff's Texas driver's license number are 498 and the last three digits of his social security number are 745.

3.      Defendant, UNION PACIFIC RAILROAD COMPANY, hereinafter referred to as "UNION PACIFIC," is a rail carrier engaged in interstate commerce and was so at all times material herein. Said company, which does business in the State of Texas may be served upon UNION PACIFIC'S registered agent, attorney for service, **CT Corporation System, 350 N. Saint Paul Street, Ste. 2900, Dallas, Texas 75201.**

## JURISDICTION AND VENUE

4.    Jurisdiction and Venue are proper in the Eastern District of Texas Texarkana Division, pursuant to Texas Civil Practices and Remedies Code §15.002 (a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Eastern District of Texas Texarkana Division.

## FACTS

5. At the time of the accident, Defendant UNION PACIFIC was conducting business in Texarkana, Bowie County Texas and was engaged in interstate commerce and was so at all times material herein. Plaintiff, DANNY RAY TAYLOR would show that on or about March of 2012, Plaintiff, DANNY RAY TAYLOR was acting within the course and scope of his employment with Defendant, UNION PACIFIC. Accordingly this cause of action against Defendant is governed by the Federal Employers Liability Act, 45 U.S.C. §56, 28 U.S.C. §1331, and 28 U.S.C. §1391. Plaintiff, DANNY RAY TAYLOR, was performing duties within the course and scope of employment with Defendant, UNION PACIFIC, when Plaintiff, DANNY RAY TAYLOR, hurt his shoulder. Defendant, UNION PACIFIC, was negligent, and that negligence was a cause in whole or in part of Plaintiff, DANNY RAY TAYLOR'S injuries. Plaintiff, DANNY RAY TAYLOR would show that among other things, this Defendant, UNION PACIFIC, owed to the Plaintiff, DANNY RAY TAYLOR, the duty to provide him with a reasonably safe place to work, and with reasonably safe and suitable equipment with which to work. Plaintiff, DANNY RAY TAYLOR, would show that Defendant, UNION PACIFIC, failed to provide him with a reasonably safe place in which to work and with reasonably safe and suitable equipment with which to work and that negligence was a cause in whole or in part of his injuries and damages. More specifically, DANNY RAY TAYLOR'S arm was caught on a "claw bar" located on the

premises while he was performing his job duties. Defendant's failure to correct the unreasonably dangerous condition or to warn DANNY RAY TAYLOR constituted negligence, and such negligence was a proximate cause of the occurrence in question and MR. TAYLOR'S resulting injuries and damages. Additionally, Plaintiff's employer breached their non-delegable duties which they owed to their employee, DANNY RAY TAYLOR, regarding the provision of a reasonably safe workplace, provision of adequate staffing, provision of adequate equipment, provision of proper supervision, and provision and implementation of adequate policies, procedures and training to employees regarding safety. Such breach of duties proximately caused Plaintiff's injuries and damages alleged herein.

6. As a result of the accident and the conduct of the Defendant, UNION PACIFIC, described above, the Plaintiff sustained severe injuries to his shoulder and body generally. Plaintiff, DANNY RAY TAYLOR, would show that on the occasion of his injuries he was a able-bodied and capable of earning large sums of money and in reasonably good health; that he has a reasonable life expectancy and had it not been for the negligence of the Defendant, UNION PACIFIC, and the resulting injuries to the Plaintiff, DANNY RAY TAYLOR, Mr. Taylor would have been able and capable of working and earning large sums of money in the future but that by reason of the injuries sustained by the Plaintiff, DANNY RAY TAYLOR, his ability to work and earn money has been greatly diminished. Plaintiff, DANNY RAY TAYLOR, has suffered lost earnings since the date of his accident and will suffer a loss of earning capacity in the future.

## NEGLIGENCE AND GROSS NEGLIGENCE

7. On the occasion in question, Defendant, UNION PACIFIC acted in a grossly negligent manner, that their actions were an extreme degree of risk considering the probability and magnitude of potential harm they posed to DANNY RAY TAYLOR by encouraging and

ordering employees to work under unsafe working conditions and in encouraging violation of industry regulations and standards. UNION PACIFIC had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety, or welfare of others.

8. Defendant knew or should have known of the unreasonably dangerous and unsafe working conditions and negligent activities which existed and occurred on premises they controlled. Notwithstanding, Defendant neither corrected nor warned Plaintiff of the conditions or activities. Specifically, Plaintiff was injured when the pulling unit fell over while he was performing his work. Defendant acted in a negligent and grossly negligent manner in that they violated the duty to provide a safe working environment in one or more the following particulars:

1. Failure to provide a reasonably safe work place;

2. Failure to provide proper safety training;

3. Failure to provide proper and adequate equipment;

4. Failure to properly maintain equipment;

5. Failure to inspect company equipment to ensure same was in proper working order; and

6. Failure to properly supervise their employees.

9. Such acts and/or omissions of Defendant constituted negligence and gross negligence under both premises and ordinary negligence legal theories, and such negligence and gross negligence was the proximate cause of the occurrence in question and Plaintiff's injuries. Accordingly, Plaintiff seeks actual and exemplary damages that does not exceed the Courts jurisdictional limits.

### DAMAGES

10. As a direct and proximate result of the occurrence described above, DANNY RAY TAYLOR has suffered severe personal injuries causing him to sustain permanent physical impairment which will continue in the future.

a.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services.

b.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.   Physical pain and suffering in the past and in the future;

d.   Mental anguish in the past and in the future;

e.   Physical impairment in the past;

f.   Physical impairment which, in all reasonable probability, will be suffered in the future;

g.   Physical disfigurement and scarring in the past

h.   Physical disfigurement and scarring in the future

i.   Loss of earning capacity in the past; and

j.   Loss of earning capacity which will, in all probability, be incurred in the future;

11.   The damages sustained by Plaintiff was proximately caused by the negligence and gross negligence of UNION PACIFIC herein. Accordingly, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.  Plaintiff requests that the amount of his actual damages be left to the sole discretion of the jury in light of the evidence received and considered by the jury regarding the severity of her injuries and the impact the injuries had on DANNY RAY TAYLOR and his life.  However, since Texas law requires a Plaintiff such as

DANNY RAY TAYLOR to specify a maximum amount of damages sought by the Plaintiff on a lawsuit, Plaintiff's economic damages plus an amount equal to any noneconomic damage fund by the jury, over 1,000,000.00.

## EXEMPLARY DAMAGES

12. By reason of the above and foregoing, Plaintiff DANNY RAY TAYLOR has been damaged in a sum within the jurisdiction limits of this Court.  Plaintiff requests that the amount of Plaintiff's actual damages be left to the discretion of the jury in light of the evidence considered by the jury regarding the severity of Plaintiff's injuries, the impact the injuries had on Plaintiff and UNION PACIFIC'S callous disregard for work place safety. However, since Texas law requires a Plaintiffs such as DANNY RAY TAYLOR to specify a maximum amount of damages sought by the Plaintiff on a lawsuit, Plaintiff is seeking monetary relief not to exceed $750,000; or $200,000.

13.     Plaintiffs herein claim pre-judgment and post-judgment interest in accordance with Texas Finance Code §304.005, 304.006, 304.103, and 304.104 and any other applicable law.

## REQUEST FOR DISCLOSURE

**IT IS HEREEBY REQUESTED THAT DEFENDANT, UNION PACIFIC RAILROAD COMPANY RESPOND TO REQUESTS FOR DISCLOSURE AS SET FORTH IN RULE 194 OF THE TEXAS RULES OF CIVIL PROCEDURE.**

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

Plaintiff serves the following First Set of Requests for Production pursuant to Tex. R. Civ. P. 196 upon Defendant.  Plaintiff requests that Defendant produce for inspection and/or copying the documents or tangible things described below. All of said documents and tangible things are to be produced according to the definitions, conditions, and instructions set forth

below. Responses to these requests are due within fifty (50) days of the date Defendant is served

with these Requests.

**Definitions for Plaintiff's Requests for Production:**

As used in these Requests for Production, the words and terms set forth below shall mean:

[1.1]   "Plaintiff", when used, refers to DANNY RAY TAYLOR.

[1.2]   "You", "Your", "Yourself" or "Defendant", as used herein, mean: UNION PACIFIC RAILROAD.

[1.3]   "Document", "documents", and "documentation" shall be used in their broadest sense and shall mean and include all written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all log books, agreements, contracts, communications, correspondence, letters, telegrams, facsimile transmissions, telexes, messages, memoranda, records, reports, books, summaries, or other records of personal conversations, minutes, or summaries, or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bill statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made.

[1.4]   "The Incident" as used herein means the work place injury suffered by DANNY RAY TAYLOR in March of 2012 made the basis of this lawsuit as more particularly described in the petitions on file in this matter.

**Instructions for Plaintiff's Requests for Production:**

[2.1]   Data compilations, information recorded or microfilmed, microfiche, or tapes, discs, or

other electronically recorded or stored materials or information must be produced in a form which permits the undersigned attorney to examine the same without aid or special equipment.

[2.2]   Documents and other tangible things produced in response to these requests should be clearly marked or labeled to correspond with each request numbered below.

[2.3.]   If any request set forth below "overlaps" another Request, so as to call for the same documents or tangible things, it shall be sufficient response to state under the "overlapping request" that the items have been produced. In such case, the request (where production was made) shall be specifically identified. Thus, where a document or tangible thing has been produced under a request, identical copies of the same document or thing need not be produced again unless it contains different markings, additions, or deletions or its content form, or makeup, is distinguishable in any manner.

[2.4]   In order to assure that each item or thing requested is described with reasonable particularity, clarifying information is included under certain requests herein below set forth. In such case, the additional information either summarizes the central gist of the request or more specifically describes the document or things sought.

**Place and Date for Production**

[3.1]   Place: The documents and tangible things requested are to be produced at The Burnett Law Firm, 342 Cedar Street, Abilene, TX 79601 (mailing address: P.O. Box 1521, Abilene, TX 79604) during regular business hours, within fifty (50) days after receipt of this request. If the documents and tangible things subject to this request are so voluminous and unwieldy so as to make physical delivery to Plaintiff's attorney's office impractical or unduly burdensome, Plaintiff is willing to entertain discussions regarding an alternative place for production.

**Requests for Production:**

You are requested to produce the following documents and tangible things which are in your actual or constructive possession, custody, or control:

1.   Any and all investigative material, including any and all reports, photographs, repair estimates, measurements, maps, charts, diagrams, test results and experiments or any other information in your possession, or the possession of your attorney or insurer or other agents relating to the incident in March 2012.

2.   All photographs, videotapes, movies or drawings of the incident, the Plaintiff, the Plaintiff's disabilities or injuries, the site of the incident, or the cause of the incident, in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3.    A copy of any surveillance movies, tapes or photographs which have been made of Plaintiff.

4.    A copy of all medical records, doctor or hospital records, reports or medical documents of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on the Defendant's behalf.

5.    Any and all written, signed or otherwise transcribed statements given by the Plaintiff, the Defendant, or any witness relating to the accident which is the subject matter of this lawsuit and/or the events preceding or following the accident, including any and all statements given by the Plaintiff or any other witness to any insurance company or any of its agents.

6.    Any and all oral statements, either recorded or taped on an electronic device or recorder, made the Plaintiff, the Defendant, or any witness relating to the accident which is the subject matter of this lawsuit and/or the events preceding or following the accident, including any and all statements given by the Plaintiff or any other witness to any insurance company or any of its agents.

7.    A copy of the employee file for each employee past or present who was a witness to the incident in question or has been listed by defendant as having information relating to or relevant to the issues made the basis of this suit. *For privacy purposes employees Social Security Number and other private information other than employee's name, may be redacted.*

8.    A copy of the policy or policies of liability insurance providing coverage to the Defendant for the occurrence made the basis of this lawsuit.

9.    A copy of all policies of "excess" and/or "umbrella" liability insurance providing coverage to the Defendant for the incident in question.

10.    Any documents containing any reservation of rights or asserting any policy defenses by any insurance carrier providing the Defendant a defense.

11.    Any documents that might reference or contain a policy defense.

12.    Each statement or report concerning or relating to the accident giving rise to this action made by any expert who may be a witness at the trial, and all notes, memoranda, writings and recordings concerning and/or relating to such statements or reports.

13.    Each and every treatise, article, exhibit, memorandum, writing, drawing, diagram or other

tangible or written item referred to or relied upon by any expert witness who you intend to call at trial.

14.     Current curriculum vitae for each expert witness which Defendant may call as a testifying expert witness at the trial of this lawsuit and any consulting expert whose opinions or whose impressions have been or will be reviewed by a testifying expert.

15.     All correspondence between Defendant, it's agent or attorneys and any expert witness which Defendant may call as a testifying expert witness in the trial of this lawsuit and all correspondence between Defendant, it's agents or attorneys and any consulting expert whose opinion or impressions have been or will be reviewed by a testifying expert in this case.

16.     A copy of all books, treatises, publications, regulations or other documents or items which this Defendant or its testifying experts consider to be reliable and authoritative on the subject of safety as it relates to the incident made the basis of this suit.

17.     Any contract between the Defendant any other person or entity regarding the care and/or maintenance of the premises at the time of Plaintiff's injuries.

18.     Any contract between the owner and any person or entity responsible for caring for the premises at the time of Plaintiff's injuries.

19.     All "walk through" reports or other documents which pertain to the inspection of the premises in question by Defendant's employees for the 24 hour period both before and after the of the incident giving rise to this suit.

20.     Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

21.     Any documents, reports or citations from the U.S. Department of Labor and/or the Occupational Safety & Health Administration (OSHA) relating to or in connection with the incident in March 2012, made the basis of this suit.

22.     Any documents, reports or citations from the U.S. Department of Labor and/or the Occupational Safety & Health Administration (OSHA) to the Defendant from January 1, 2007 to the present.

23.     Copies of any contracts or agreements between Defendant and any training agency in effect in March 2012, concerning the training of Defendant's employees.

24.     Any rules, management guidelines, operating guidelines, or other similar document that purports to show Defendant's procedures or policies in effect in March 2012 for the use and

operation of the machine(s) involved in the incident made the basis of this suit.

25.   Copies of any and all materials including, but not limited to, employee manuals, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by the Defendant's employees to ensure the employees' safety.  This includes any training films and/or videotapes used by the Defendant concerning safety procedures. Including all training manuals, written rules and regulations and videos pertaining to use and/or operation of the machine(s) involved in the incident made the basis of this suit.

26.   Any documents or records reflecting other incidents such as the incident in question, occurring on the premises in question or involving the machine(s) involved in the incident made the basis of this suit, reported to Defendant within the last five (5) years.

27.   A copy of all OSHA standards or regulations concerning safety as it relates to the use, maintenance or operation of the machine(s) or equipment involved in the incident made the basis of this suit, which Defendant or its representatives have reviewed or consulted, within the five (5) years prior to the date of the incident giving rise to this lawsuit.

28.   Copies of any documents or manuals, including manufacturer's manuals, which relate to the maintenance, use or operation of the equipment and/or machine(s) involved in the incident made the basis of this suit.

29.   A complete copy of the employment file of DANNY RAY TAYLOR maintained, created by, or in the possession, control or custody of UNION PACIFIC RAILROAD.

30.   A complete copy of the work injury file pertaining to the injury sustained by DANNY RAY TAYLOR in March 2012 and made the basis of this lawsuit.

31.   The records reflecting any payment being made by or on behalf of UNION PACIFIC RAILROAD for any medical or pharmacy bills of DANNY RAY TAYLOR arising as a result of the incident made the basis of this lawsuit.

32.   The records reflecting any payment being made by or on behalf of UNION PACIFIC RAILROAD to DANNY RAY TAYLOR for any lost wages incurred by DANNY RAY TAYLOR arising as a result of the incident made the basis of this lawsuit.

33.   The documents or records that reflect the identity of all persons upon the premises where DANNY RAY TAYLOR was injured in March 2012 and made the basis of this lawsuit.

34.   The documents in your possession that are signed by DANNY RAY TAYLOR and relate to any claim he has or will make against UNION PACIFIC RAILROAD for unsafe working conditions arising out of the incident made the basis of this lawsuit.

## PLAINTIFF'S NOTICE OF INTENTION TO DEPOSE
## UNION PACIFIC RAILROAD'S CORPRATE REPRESENTATIVE

**NOTICE** is hereby given to UNION PACIFIC RAILROAD'S REPRESENTATIVE under TEX. R. CIV. P. 199 and other appropriate provisions of the Texas Rules of Civil Procedure that counsel for Plaintiff will depose UNION PACIFIC RAILROAD'S CORPORATE REPRESENTATIVE, on **April 29, 2014 beginning at 9:00a.m.** in the law offices of THE BURNETT LAW FIRM, 342 Cedar, Abilene, Texas 79601.  Such deposition will be used as evidence in the above styled and numbered cause and will be taken by a qualified court reporter.

Pursuant to TEX. R. CIV. P. 199.1 you are further advised that this deposition may be recorded on videotape, in addition to the usual stenographic recording.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment and post-judgment interest at the legal rate, costs of court; Plaintiff's actual damages as set forth above; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE BURNETT LAW FIRM P.L.L.C**
P.O. Box 1521
Abilene, Texas 79604
Ph:  (325) 673-4357
Fax: (325) 428-0428

By: _____
   **MAJD M. GHANAYEM**
   Texas Bar No. 24078556
   ATTORNEY FOR PLAINTIFF

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL**

Taylor v. Union Pacific Railroad
Page **12** of **12**